**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 17-241** |
| **v.** | * | **SECTION: "A"** |
| **RONALD MARKHAM** | * | |
| | * | |

*     *     *

**UNITED STATES' OPPOSITION TO MARKHAM'S**
**MOTION TO DISMISS WIRE FRAUD COUNTS (REC. DOC. 125)**

Defendant Markham's motion to dismiss the wire fraud counts for failure to state an offense should be denied. The basic premise of Markham's argument is incorrect because the Second Superseding Indictment (SSI)[1] does not concern the property rights of the New Orleans Jazz Orchestra (NOJO). (Rec. Doc. 125-1).

**I.      The Law regarding sufficiency of the indictment.**

Fed. R. Crim. P. 12(b)(3)(B)(v) is the proper mechanism for pretrial dismissal of an indictment for failure to state an offense. However, Rule 7(c) requires only a "plain, concise, and definite written statement of the essential facts constituting the offense charged." These requirements are essentially the same as those of the Sixth Amendment, which mandates that an indictment must: "1) enumerate each prima facie element of the charged offense; 2) fairly inform the defendant of the charges filed against him; and 3) provide the defendant with a double jeopardy defense against future prosecutions." *United States v. Gaytan*, 74 F.3d 545, 551 (5th Cir. 1996).

---

[1]  Markham's motion refers to the Superseding Indictment (Rec. Doc. 78). The current charging document is the Second Superseding Indictment (Rec. Doc. 113) which was returned on December 6, 2018.

The law "does not compel a ritual of words" when determining if an indictment is sufficient. *United States v. Wilson*, 884 F.2d 174, 179 (5th Cir. 1989). An indictment setting forth the offense in the words of the statute itself is generally sufficient, provided that the statute sets forth the essential elements. *See United States v. Gordon*, 780 F.2d 1165, 1169 (5th Cir. 1986). This is because the indictment's most basic purpose is to fairly inform the defendant of the charge against him. *Id*. Indeed, the "test for validity is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." *Id*. A court must be mindful that an indictment need not set out "the evidentiary details by which the government plans to establish the defendant's guilt." *United States v. Moody*, 923 F.2d 341, 351 (5th Cir. 1991). When a defendant alleges that an indictment fails to state an offense, the court cannot consider evidence outside the indictment and must take the allegations in the indictment as true. *United States v. Mann*, 517 F.2d 259, 266-667 (5th Cir. 1975).

## II.     The allegations in the Second Superseding Indictment.

Markham was employed by the New Orleans Jazz Orchestra (NOJO) as President and Chief Executive Officer. (Rec. Doc. 113 at 2).[2] Throughout its existence, NOJO relied heavily on donations to fund its operations and pay its expenses. *Id*. Between December 16, 2008 and May 31, 2010, NOJO relied heavily on grants from the Edward Wisner Donation, a charitable trust administered by the City of New Orleans. *Id*. In February 2011, support for NOJO through the Edward Wisner Donation was terminated by the City of New Orleans, causing great financial distress to NOJO and its ability to pay expenses. *Id*. The SSI alleges that Markham, along with Mayfield, then searched for new sources of funding. *Id*. Indeed, the first transfer of funds from the

---

[2] The SSI also alleges that Markham was paid by Mayfield Production Company, Inc. and Mayfield Publishing Co. *Id*.

New Orleans Public Library Foundation (NOPLF)[3] to NOJO occurred on August 23, 2011, shortly after the Wisner funds dried up. This transfer directly resulted in the payment of Markham's NOJO salary. *Id*. at 5. The SSI goes on to allege that at least 11 additional transfers that were made from NOPLF to fund Markham's NOJO salary. *Id*. at 5-10.

The scheme charged in Counts 2-7 alleges that the defendants "did knowingly devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, by transferring money from the NOPLF investment account to unlawfully enrich themselves and pay the operating expenses of NOJO without approval and while misleading the NOPLF and others with regard to the purpose of the transfers."

III.     *Ratcliff* **is not applicable.**

Markham's motion is based entirely on *United States v. Ratcliff*, 488 F.3d 639 (5th Cir. 2007). In *Ratcliff*, a grand jury indicted a candidate running for Livingston Parish President for mail fraud.[4] *Id*. at 643. The charged object of the candidate's fraud was the salary and employment benefits he would receive as Parish President. *Id*. Although the Fifth Circuit specifically found that salary was "money and property" for purposes of the mail fraud statute, the Court rejected the idea that the charged scheme was "one to deprive the parish of money or property through misrepresentations, thereby wronging the parish's property rights." *Id*. at 645. The Court reasoned that "[a]lthough the charged scheme involves Ratcliff ultimately receiving money from the parish, it cannot be said that the parish would be deprived of this money by means of Ratcliff's

---

[3] Both defendants were board members and Presidents of NOPLF. *Id*. at 3.
[4] Because the language of the mail fraud and wire fraud statutes are so similar, cases construing one are applicable to the other. *United States v. Phipps*, 595 F.3d 243, 245 (5th Cir. 2010).

misrepresentations, as the financial benefits budgeted for the parish president go to the winning candidate regardless of who that person is." *Id*.

Here, Markham attempts to align himself with *Ratcliff* by incorrectly claiming that the SSI concerns NOJO's property rights. (Rec. Doc. 125-1 at 3-4). By doing so, Markham ignores the plain language of the SSI that alleges Markham deprived *NOPLF* of its money and property, not NOJO. When NOJO's outside funding dried up, the defendants used their positions to transfer money from NOPLF to NOJO to enrich themselves. Unlike *Ratcliff*, the misappropriation of NOPLF money was entirely a result of the defendants' fraud – it would not have occurred otherwise.

## IV.   Markham's factual assumptions and argument are premature.

Markham claims that he "received the same $100,000 salary from NOJO beginning in 2007 – long before the transfers from NOPLF started . . . [and] received that salary until 2017 – long after the transfers stopped. His salary was not tied to the transfers and the indictment does not (and cannot) alleged that it was." (Rec. Doc. 125-1 at 3-4). Besides ignoring the specific allegations in the SSI tying the transfers of NOPLF funds to Markham's salary (Rec. Doc. 113 at 5-10), his conclusory statement about what the government can and cannot prove is premature and not reason to dismiss the SSI pretrial. *See Moody*, 923 at 351 (indictment need not set out evidentiary details by which the government plans to establish defendant's guilt); *Mann*, 517 F.2d at 266-677 (evidence outside the indictment cannot be considered, and allegations in indictment must be accepted as true). Among other things, the evidence at trial will show that each time the defendants dipped into the NOPLF investment account and transferred money to NOJO, the balance of the

NOJO payroll account was either negative or insufficient to fund their $100,000 salaries. Markham

may certainly argue otherwise, but that is at best a possible trial defense – one that the government

is prepared to meet.[5]

## CONCLUSION

      Unlike *Ratcliff*, the wire fraud counts in this matter are not defective on their face, and

properly allege a victim that was defrauded of money or property by the misrepresentations of the

defendants. Markham's motion should be denied.

                                       Respectfully submitted,

                                       MICHAEL M. SIMPSON
                                       Attorney for the United States Acting
                                       Under the Authority Conferred by
                                         28 U.S.C. § 515

                                         *s/ G. Dall Kammer*
                                       G. DALL KAMMER (26948)
                                       BRANDON LONG
                                       THEODORE CARTER
                                       Assistant United States Attorneys
                                       650 Poydras Street, Suite 1600
                                       New Orleans, Louisiana 70130
                                       Telephone: (504) 680-3168
                                       Email: dall.kammer@usdoj.gov

---

[5] Indeed, the SSI recognizes the same argument Markham makes in his motion: "On about January 14, 2014, Markham falsely informed NOPLF board members, employees of NOPLF and NOPLF legal counsel that NOPLF did not fund NOJO salaries for Mayfield and Markham and that NOJO was not dependent on NOPLF funding."

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 28, 2019, I electronically filed the foregoing with the

Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all

defense counsel of record.

s/ G. Dall Kammer\
G. DALL KAMMER\
Assistant United States Attorney
